Per Curiam.

The issue presented is whether the oral quotations by the appellant and the later separation of material and labor on the appellant’s records constitute a sufficient compliance with Section 5739.01, Revised Code, to place appellant in the category of a “vendor” of the property incorporated into the paving improvements.
That section, as in effect at the beginning of the audit period (July 1, 1955), read in part:
“(B) * * * A construction contract, pursuant to which tangible personal property is or is to be incorporated into a structure or improvement * * * is, if the consideration for such incorporation is agreed upon, charged or paid separately from the consideration for the performance of the other obligations of such construction contract, a sale of such tangible personal property.”
During the early part of the audit period, and effective September 30, 1955, subsequent to which all the subject trans- *113 ^- ' actions occurred, the section was amended to read in part as follows:
“ (B) * * * A construction contract pursuant to which tangible personal property is or is to be incorporated into a structure or improvement * * *• is a sale of such tangible personal property, and the construction contractor is the vendor thereof, if the consideration received or to be received for the tangible personal property is separately stated from the consideration received or to be received for the performance of' the other contractual obligations. Such separation must appear in the contract between the parties or on the invoice or billing rendered by the contractor to the consumer.”
The statute required a “separation.” This separation cannot “appear in the contract” if the contract is oral. ■ Notations only on the contractor’s copies of invoices in his possession are not a sufficient compliance with the statute. The separation must appear “on the invoice or billing rendered by the contractor to the consumer.” The appellant, not having complied with the requirements of the statute, was a “consumer” within the meaning of the statute, not a “vendor.” Guy Johnston Lumber & Supply Co. v. Bowers, Tax Commr., 170 Ohio St., 395.
The decision of the Board of Tax Appeals is affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell and O’Neill, JJ., concur.
Herbert, J., not participating.